IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF ARKANSAS

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 6 2017

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

(1) CECILIA ALDRIDGE, individually
and as Administrator of the Estate
of ABBYGAIL CHANCE, Deceased,

           Plaintiffs,

vs.

(1) EXECUTIVE PARK SURGERY
CENTER OF FORT SMITH INC.,
a for profit corporation of Arkansas
(2) DR. STACY TAIT, an individual,
(3) DR. MICHAEL A. MARSH, an individual,
(4) DR. RANDY M ENNEN, an individual,
(5) BECKY SATTERFIELD, an individual,
(6) ANGELA LEE, an individual,
(7) ERIN PARTAIN, an individual,
(8) SHEILA KRALLMAN, an individual,
(9) MICHELLE GASAWAY, an individual,
(10) CASIDY BATES, an individual,
(11) CHARITY PRESTON, an individual,
(12) LINDA LAGRAND, an individual,

           Defendants.

Case No. CIV- 17-2023

## COMPLAINT

COMES NOW the Plaintiff, Cecilia Aldridge, individually as mother of Abbygail Chance, and as Administrator of the Estate of Abbygail Chance, deceased, for her causes of action against the Defendants, Executive Park Surgery Center of Fort Smith, Inc., Dr. Stacy Tait, Dr. Michael A. Marsh, Dr. Randy M. Ennen, Becky Satterfield, Angela Lee, Erin Partain, Sheila Krallman, Michelle Gasaway, Casidy Bates, Charity Prestion, and Linda Lagrand (hereinafter "Defendants"), allege and state as follows:

1. Plaintiff, Cecilia Aldridge (hereinafter the "Administrator"), individually as the mother of Abbygail Chance, and as Administrator of the Estate of Abbygail Chance, deceased, is a United States citizen residing in LeFlore County, Oklahoma.

2. Defendant, Executive Park Surgery Center of Forth Smith, Inc. (hereinafter the "Surgery Center") is an Arkansas for profit corporation, authorized to do business in the state of Arkansas, whose registered service agent is John Alan Lewis. Surgery Center's place of business is in Fort Smith, Arkansas, which is located within the jurisdiction of the United States District Court for the Western District of Arkansas.

3. Defendants, Dr. Stacy Tait ("Tait"), Dr. Michael A. Marsh ("Marsh"), Dr. Randy M Ennen ("Ennen"), Becky Satterfield ("Satterfield"), Angela Lee ("Lee"), Erin Partain ("Partain"), Sheila Krallman ("Krallman"), Michelle Gasaway ("Gasaway"), Casidy Bates ("Bates"), Charity Preston ("Preston"), and Linda Lagrand ("Lagrand") sued in their individual capacities, are all citizens of the State of Arkansas, and are employed by the Surgery Center.

4. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

5. Abbygail Chance (hereinafter "Abbygail"), a two year, nine month old (at the time of her death), toddler suffered from a history of recurrent otitis media and upper respiratory infections. She also carried the diagnosis of snoring, mouth breathing, obstructive sleep apnea, morbid obesity, sinus arrhythmia, and mild to moderate tricuspid regurgitation.

6. Abbygail was admitted to Arkansas Children's Hospital on December 28, 2014 with acute respiratory distress in the setting of an upper respiratory infection. She

was discharged on January 4, 2015. During her stay Abbygail underwent extensive work-up of the above diagnoses. An ENT consult was obtained with a flexible bronchoscopy which revealed a widely patent airway, tonsillar hypertrophy grade 1-2, mild laryngomalacia, no pooling of secretions, and no evidence of aerodigistive papillomatosis.

A sleep study revealed poor quality of sleep throughout the study, obstructive sleep disorder with breathing noise during REM sleep. Oxygenation was abnormal during the entire night with a SPO2 nadir of 76%. Ventilation was normal, and a CPAP was deemed not necessary. The patient was discharged home after her respiratory status had improved.

Abbygail's cardiac echo documented mild-moderate tricuspid regurgitation, raising concern for concomitant pulmonary hypertension secondary to her OSA. Her sinus arrhythmia was seen during her sleep study and associated with episodes of hyperventilation. Dr. Marsh was aware of all of these findings.

7. On January 22, 2015, Abbygail was seen by Dr. Marsh who confirmed diagnoses of chronic otitis media, and sleep apnea due to hypertrophy of her adenoids and tonsil.

8. On February 16, 2015, Abbygail underwent elective surgery by the Defendants, who were negligent in the following particulars: 1) Abbygail, due to her age and co-morbidities, which were documented and known to the Defendants, required Defendants, and each of them, to operate on Abbygail in an inpatient setting under hospital care and to be monitored overnight following her tonsillectomy, and 2) Defendants negligently discharged Abbygail before it was medically safe and proper, all

of which subsequently caused her death. Defendant's negligence was the direct cause of Abbygail's death.

9. During the pre-operative screening, a Surgery Center nurse acknowledged Abbygail's obstructive sleep apnea, snoring, irregular heartbeat, and obesity. Abbygail's weight upon admission to the Surgery Center was 29.6 kg, which is in the upper 95th percentile for her age. All of Abbygail's co-morbidities, especially her age and weight, which were documented and known to the Defendants, required the Defendants operate on Abbygail in an inpatient setting under hospital care.

10. After the operation, Abbygail had difficulty coming out of anaesthesia, and struggled to maintain ventilation and oxygenation. Nursing notes indicated three interventions by hospital staff in just over a ninety minute period, another indication that the Defendants dismissed Abbygail prematurely, before she was fully awake and stabilized.

11. At 2:40 p.m. the Defendants, and each of them, discharged Abbygail to the Plaintiffs. This discharge was not based on Abbygail's medical condition; rather, the Defendants discharged Abbygail too early because a snow storm was moving into the area and the Defendants wanted to close the Surgery Center and go home.

12. At 4:00 p.m., the family was on their way home from the Surgery Center when Abbygail aspirated and suffered a cardiorespiratory arrest. Abbygail was driven to Sparks Regional Medical Center, where she had no palpable pulse but was found to be bradycardic on the monitor. Abbygail was given CPR and atropine and her heart rate returned to normal, but required intubation and ventilatory support. After medical stabilization, she was transported to Arkansas Children's Hospital in Little Rock, where

she was diagnosed with aspiration pneumonia. Over the next three days she remained in critical condition, ultimately dying of multi-system organ failure and repeat cardiac arrest on February 19, 2015.

## FIRST CAUSE OF ACTION

### NEGLIGENCE

13. To the extent relevant, Plaintiffs restate and adopt by reference the previous allegations herein.

14. Defendants (and Defendants' agents and employees), acting within the course of and scope of their employment, were negligent, causing injury to Abbygail as a direct and proximate result of said negligence, including but not limited to the following actions: Defendants breached their duty to Abbygail by 1) failing to provide sufficient medical supervision while she was in their custody, 2) failing to ensure that Abbygail had been fully awake and stabilized before her discharge, and 3) choosing to perform the surgery in an outpatient surgery center instead of a full service hospital. As a result of the Defendants' negligence and reckless disregard for the safety of Abbygail, she was subject to serious and painful physical injuries, physical and emotional pain, suffering and distress, and loss of life. Plaintiffs have incurred overwhelming medical expenses, for all of which they are entitled to actual and compensatory damages.

15. As a result of the Defendants' reckless disregard or intentional malice concerning Abbygail's safety, the Plaintiffs are also entitled to punitive damages.

Wherefore, Plaintiffs pray that this Court enter judgment against the Defendants on their First Cause of Action, and enter judgment for actual damages, as well as pre- and post-award interest, costs, and attorneys' fees. In addition, the Plaintiff requests a

judgment for punitive damages in an amount to be determined, based upon the severity of the conduct and the wealth of Defendants.

## SECOND CAUSE OF ACTION

## WRONGFUL DEATH

16. To the extent relevant, the Plaintiffs restate and adopt by reference the previous allegations herein.

17. The negligent and reckless acts of the Defendants, and the resulting injuries to Abbygail, caused Abbygail's death. Pursuant to A.C.A. §16-62-102, the Plaintiffs are entitled to compensation for the serious and painful physical injuries resulting in Abbygail's death; for Abbygail's emotional pain, suffering, and distress; for the loss of enjoyment of life; and for her medical and burial expenses.

18. As a result of the Defendants (and the Defendants' agents and employees) reckless disregard or intentional malice, Plaintiffs are also entitled to punitive damages against Defendants.

Wherefore, the Plaintiffs pray that this Court enter judgment against the Defendants on their Second Cause of Action, and enter judgment for actual damages, as well as pre-and post-award interest, costs, and attorneys' fees. In addition, the Plaintiffs request a judgment for punitive damages in an amount to be determined, based upon the severity of the conduct and the wealth of Defendants.

Respectfully Submitted:

Jerry L. Colclazier, OBA #13814
**COLCLAZIER & ASSOCIATES**
404 N. Main Street
Seminole, OK 74868
Telephone: (405) 382-1212
Facsimile: (405) 382-1214

– and –

Mariano Acuna, OBA #20023
**DYER COATNEY & ACUNA**
16224 Muirfield Place
Edmond, OK 73013
Telephone: (405) 753-1195
Facsimile: (405) 753-1196

ATTORNEYS FOR PLAINTIFFS

JURY TRIAL DEMANDED